# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Amor Paulina Hirst, ) | Civil Action No. 6:13-00729-JMC |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Xavier Emanuel Guillaume ) | |
| Salvatore Tiberghien, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Amor Paulina Hirst ("Petitioner") filed the instant action against Respondent Xavier Emanuel Guillaume Salvatore Tiberghien ("Respondent") as a verified petition for the return of children to the United Kingdom pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention"), as implemented by the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601-11611. (See ECF No. 1.) Specifically, Petitioner alleged that Respondent wrongfully retained their children, M.S.T. and A.D.T., in the United States without her consent, starting on January 7, 2013. (Id. at 2, 4-5.) On April 30, 2013, the court entered an order, finding that M.S.T. and A.D.T. should be returned to the custody of Petitioner. (ECF No. 59.)

This matter is before the court on a bill of costs that was filed by Petitioner on May 17, 2013, pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920. (ECF No. 72.) In the bill of costs, Petitioner requested that Respondent be taxed costs totaling $1,234.60. (Id. at 1.) Respondent does not object to Petitioner's bill of costs. (See ECF No. 73 at 5.) Therefore, because Petitioner is the prevailing party[1] and her bill of costs is unopposed, the court **GRANTS**

---

[1] Fed. R. Civ. P. 54(d) declares that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). As such, there is a presumption in favor of awarding

Petitioner costs against Respondent in the total amount of $1,234.60.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Judge

December 20, 2013
Greenville, South Carolina

---

costs to a prevailing party.  See Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994); see also Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999).